# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

GREGORY P. MOUTON AND MARIVETTE V. MOUTON

VERSUS

LOWE'S HOME IMPROVEMENT CENTERS, LLC D/B/A LOWE'S HOME IMPROVEMENT, DAVID DEBENEDETTO, SHANE (LAST NAME UNKNOWN), TREMYA ANTHONY, AND KELSI (LAST NAME UNKNOWN)

NO.   2024 CW 0519

JULY 30, 2024

---

In Re:  Gregory P. Mouton and Marivette V. Mouton, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 734,723.

---

**BEFORE: WOLFE, MILLER, AND GREENE, JJ.**

**WRIT GRANTED IN PART WITH ORDER; WRIT DENIED IN PART.** We hereby reverse the May 1, 2024 judgment to the extent it denied relators' request to obtain the audio recordings of the February 21, 2024 hearing. **IT IS ORDERED, ADJUDGED, AND DECREED** that a Writ of Mandamus issue herein to Judge William Jorden, ordering him to permit relators, Gregory P. Mouton and Marivette V. Mouton, to inspect the audio recordings of a hearing held on February 21, 2024 in the case of *Mouton v. Lowe's Home Improvement Centers, LLC*, civil docket #734,723, 19th Judicial District Court, Parish of East Baton Rouge, on the premises of the courthouse in Baton Rouge, Louisiana, in a facility suitable "for the full exercise of the right granted" and with "all reasonable comfort." Judge Jorden is further ordered to provide relators with an audio copy of the recordings, either in the form of a compact disc or some other comparable audio form at a reasonable fee payable by relators for making a reproduction, see La. R.S. 44:32(C)(1)(a), all within ten (10) days from the date of this court's order. See **Labat v. Larose**, 2011-0957 (La. App. 1st Cir. 12/21/11), 2011 WL 6754090 (unpublished).

To the extent relators request this court to compel the district court to amend the order of appeal to include the March 12, 2024 judgment, the writ is denied. We recognize that an appeal taken from the March 13, 2024 judgment would be an unrestricted appeal from a final judgment. As such, any prior interlocutory rulings can be raised in connection with the appeal of the final judgment. See **Dunbar v. Howard**, 2021-1171 (La. App. 1st Cir. 8/16/22), 348 So.3d 738, 743 n.9 ("[W]hen an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to review of the final judgment appealed.")

**EW**
**SMM**
**HG**

COURT OF APPEAL, FIRST CIRCUIT



_____
DEPUTY CLERK OF COURT
    FOR THE COURT